**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CONSOLIDATED-HAMPTON, LLC/20 LAMBOURNE, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | Civil No. 25-1793-BAH |
| LATIA THOMPSON MCKOY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On June 5, 2025, Defendant Latia Thompson McKoy (hereinafter "Thompson McKoy"), proceeding pro se, removed this action (Case No. D-08-LT-25-58819-006) to this Court from the District Court of Maryland for Baltimore County. *See* ECF 1 (notice of removal).[1] This action appears to be one Plaintiff Consolidated-Hampton, LLC/20 Lambourne ("Consolidated-Hampton") filed against Thompson McKoy for eviction for failure to pay rent. *See* ECF 2 (state court complaint). Thompson McKoy advances that this Court has federal question jurisdiction over the matter, as she asserts claims under the Truth in Lending Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Due Process and Equal Protection Clauses of the U.S. Constitution.[2] *See* ECF 1, at 1–2; ECF 1-5 (civil cover sheet marking only federal question jurisdiction and crossing out diversity jurisdiction).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The

---

[1] Thompson McKoy also filed a motion to proceed in forma pauperis, ECF 3, which shall be granted.

[2] Thompson McKoy also appears to assert a claim under Md. Code Com. Law. § 3-311. *See* ECF 1, at 2.

Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). The requirement of subject matter jurisdiction is so fundamental that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

As the party seeking to invoke this Court's jurisdiction, Thompson McKoy bear the burden of alleging and demonstrating that this Court has subject matter jurisdiction over the action. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). She has not done so. As noted, Thompson McKoy invokes federal question jurisdiction based on several federal statutes and the U.S. Constitution under which she seeks to bring claims against Consolidated-Hampton. *See* ECF 1, at 1–2. The state court complaint makes clear, however, that the eviction action arises entirely under state law. *See* ECF 2. Thus, this Court does not have federal question jurisdiction, and Thompson McKoy has not asserted diversity jurisdiction. Because this Court lacks subject matter jurisdiction over this action, this action will be remanded back to the District Court of Maryland for Baltimore County.

Thompson McKoy has also filed a "notice of voluntary dismissal without prejudice," which the Clerk's Office has docketed as a motion to dismiss. *See* ECF 6. In that document, Thompson McKoy notes that "[t]he state-level proceedings from which this case originated have been closed, rendering this federal case unnecessary at this time." *Id.* at 1. As Thompson McKoy is the defendant, not the plaintiff, even upon removal of the action to this Court, she cannot voluntarily dismiss the complaint. To the extent the notice can be read as a consent to remand back to the state court, the Court is already remanding the case for lack of subject matter jurisdiction. The motion to dismiss, ECF 6, will therefore be denied.

For these reasons, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Thompson McKoy's motion for leave to proceed in forma pauperis, ECF 3. is GRANTED;

(2) The case is REMANDED to the District Court of Maryland for Baltimore County;

(3) Thomposn McKoy's motion to dismiss, ECF 6, is DENIED; and

(4) The Clerk is directed to MAIL a copy of this memorandum and order to Thompson McKoy and to CLOSE this case.

Dated: <u>June 18, 2025</u>                                    _____/s/_____

                                                                          Brendan A. Hurson
                                                                          United States District Judge